**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7743**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

CHRISTOPHER FLORES, a/k/a Magic,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:15-cr-00183-AJT-9)

Submitted:  May 10, 2022                         Decided:  May 13, 2022

Before MOTZ, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher Flores, Appellant Pro Se.  Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Flores appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. We affirm.

In order to grant a motion for compassionate release, a district court must find (1) that extraordinary and compelling reasons warrant a sentence reduction, and (2) that a sentence reduction is justified under the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Kibble*, 992 F.3d 326, 330 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). We review the denial of compassionate release for abuse of discretion. *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021).

Addressing Flores' arguments related to the Covid-19 pandemic, the district court concluded that Flores' comorbidities and the infection rate at his prison fell short of satisfying the extraordinary-and-compelling requirement. On appeal, Flores contends that the district court overlooked two other nonfrivolous arguments presented in his motion— one based on his alleged eligibility for safety valve relief under 18 U.S.C. § 3553(f), and the other based on the original sentencing judge's comment that, absent the applicable mandatory minimum, Flores would have received a shorter sentence.[1] While Flores is correct that the district court did not discuss these issues, our review of the record confirms that Flores' motion raised these arguments only with respect to the § 3553(a) factors. Thus, because the district court found no extraordinary and compelling basis for relief, and

---

[1] District Judge Gerald Bruce Lee presided over Flores' sentencing hearing in 2016. Upon Judge Lee's retirement, this case was reassigned to District Judge Anthony J. Trenga, who resolved the instant motion.

because we discern no abuse of discretion in the district court's assessment of Flores'

pandemic-related arguments, we conclude that any error in the court's § 3553(a) analysis

is harmless.[2]

Accordingly, we deny Flores' motion to appoint counsel and affirm the district

court's order. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the

decisional process.

*AFFIRMED*

---

[2] We note that the text of 18 U.S.C. § 3582(c)(1)(A) does not prohibit Flores from filing a second motion reraising these arguments as extraordinary and compelling bases for compassionate release. Of course, we express no opinion on the merits of any such motion.